UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEESHA NANCE,

                Plaintiff,

        -v-                                24-CV-08228 (JAV)

THE CITY OF NEW YORK,                 MEMORANDUM OPINION
                                                AND ORDER

                Defendant.

JEANNETTE A. VARGAS, United States District Judge:

Currently before the Court is Defendant's motion to extend the deadline for Defendant to serve Rule 26(a)(1) initial disclosures. ECF No. 43. This motion is denied.

On March 19, 2025, the Court entered a Case Management Plan and Scheduling order. ECF No. 17. Pursuant to that Order, initial disclosures were due June 2, 2025, and fact discovery was set to end by October 31, 2025. The CMP permitted the parties to extend the deadline for initial disclosures, so long as it did not affect the deadline for completing fact discovery. *Id.*

Apparently, neither party served initial disclosures by the June 2 deadline. Instead, Plaintiff served her initial disclosures in October 2025, and then inquired of Defendant as to when it would serve its initial disclosures. Plaintiff received no response from the City.

The Court granted a motion to extend the fact discovery until December 30, 2025. ECF No. 23. On December 4, 2025, the Court held a discovery conference. At the conference, Plaintiff raised Defendant's failure to serve Rule 26(a)(1) initial disclosures. Defendant represented that this had "fallen through the cracks" and sought leave to serve them out of time. In light of the imminent conclusion of fact discovery and the resulting prejudice to Plaintiff, the Court refused to extend the time to serve the Rule 26(a)(1) initial disclosures.

The Court later extended the fact discovery deadline to February 27, 2026, for the limited purpose of permitting Defendant to complete its production of a few limited categories of documents, to remedy certain deficiencies in its productions, and to conduct an outstanding deposition.  ECF No. 41.

On February 6, 2026, more than two months after the December 4 conference at which this issue had previously been raised, Defendant filed the instant application.

Currently, fact discovery is closed except for a few remaining items that the Court permitted to go forward.  Accordingly, Defendant's application is essentially a motion to reopen discovery.  "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021).  A party seeking to reopen discovery must show that the failure to obtain the needed discovery "was not caused by the party's own lack of diligence."  *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012).  That is, the parties "seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite their diligence." *136 Field Point Circle Holding Co. LLC v. Razinski*, No. 21 Civ. 11076 (JHR), 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024) (cleaned up).  In determining whether good cause exists to reopen discovery, courts also consider the moving party's explanation for failing to comply with the scheduling order, their diligence in seeking a modification to the schedule, the importance and relevance of the additional discovery sought, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and the imminence of trial.  *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).

In this case, the City has made no showing of diligence.  To the contrary, Defendant merely states that it inadvertently neglected to serve initial disclosures during the fact discovery period.  It offers no excuse for why it did not remedy this issue when alerted by Plaintiff in October 2025.  And does not even mention the Court's ruling in December 4, 2025, let alone explain why it then waited two months before making the current application for reconsideration of its prior order.

Defendant argues that the City would suffer a "disproportionate consequence" by a failure to reopen discovery to allow it to serve initial disclosures.  ECF No. 43.  This argument turns the good cause analysis on its head.  It will inevitably be the case that the more egregious the failure to conduct discovery in the time mandated by the Court, the more the parties will lack critical evidence in support of their claims and defenses.  But prejudice caused by a lack of diligence does not constitute "good cause" within the meaning of Rule 16(b)(4).  And in this case, it would be Plaintiff who would be prejudiced by the granting of a request to serve initial disclosure at the closure of discovery.

## CONCLUSION

The motion for leave to serve initial disclosures out of time is DENIED.  The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

Dated: February 10, 2026
         New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3