# BORRELLI & ASSOCIATES

## ——— P.L.L.C. ———

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

February 11, 2026

*By ECF*
Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 11201

**MEMO ENDORSED**

Re:     *Nance v. City of New York, 24 CV 8228*

Dear Judge Vargas:

I represent the Plaintiff in this employment discrimination action against her former employer, New York City's Department of Correction ("DOC"). The deadline for all discovery is February 27, 2026. I am writing to communicate a discovery dispute and request the Court's intervention.

Plaintiff requested personnel records for her supervisor, Charlton Lemon, in three document requests served on October 14, 2025.[1] Defendant never served objections or

---

[1] Plaintiff's Document Requests 13, 14, and 15 read as follows:

13. Charlton Lemon's entire personnel file, or all documents traditionally associated with an employee's personnel file (whether located in such a file or not), including all documents concerning Lemon's applications for employment, promotion, or transfer; materials reviewed in connection with those applications; his hiring, placements, transfers, execution of his duties, performance evaluations and feedback, and discipline; all formal and informal employee complaints made internally and externally against him; all investigative materials and notes concerning such complaints or other performance deficiencies. The relevant time period for this request is the entirety of Lemon's employment and application period.

14. Information or documents showing all employee complaints or reports of sexual harassment made against Lemon. The relevant time period for this request is the entirety of Lemon's employment.

15. Information or documents showing all employee complaints or reports of retaliation made against Lemon. The relevant time period for this request is the entirety of Lemon's employment.

responses to Plaintiff's document requests, but the requests, and in particular the request for Lemon's personnel records, were discussed with the Court in two discovery conferences on December 4 and December 12, 2025. In those conferences, counsel (Sonya Chazin and I) advised the Court that we were meeting and conferring about the request for Mr. Lemon's personnel records. Our meet and confer discussions included a deficiency letter that I sent to Ms. Chazin on December 11, 2025; a phone call of ten minutes before the December 12 discovery conference, and an in-person meeting in the courthouse of ten minutes directly following the December 12 discovery conference.

As a result of that meet and confer process, Ms. Chazin agreed that she would obtain and produce Mr. Lemon's complete personnel records from DOC as requested for the entire time of his employment. On December 30, 2025, Ms. Chazin reported to me that DOC was working on gathering the documents. On February 5, 2026, she reported to me that she reminded her contact at DOC about Mr. Lemon's records on February 4. On February 6, Ms. Chazin reported to the Court that she was waiting for the personnel documents and had been advised by DOC that she would receive them on February 9 (*see* Letter Motion dated February 6, 2026, page 2, ECF Doc. 43). The letter motion made clear that Plaintiff would be seeking relief from the Court if the documents were not produced forthwith. On February 9, 2026, Ms. Chazin reported to me that she followed up with DOC for the documents and did not receive them but hoped to receive them on February 10. I have heard nothing further on this since February 9.

Relying on Ms. Chazin's assurances, I scheduled Mr. Lemon's deposition for February 18, 2026. But Plaintiff is entitled to receive Mr. Lemon's personnel records and have time to review them before preparing to depose him. Thus, Plaintiff respectfully requests that the Court order Defendant to produce Mr. Lemon's personnel records without further delay or explain by sworn declaration of the responsible individual at DOC why it has not done so. Plaintiff further requests an Order directing Defendant to produce Mr. Lemon for his deposition at a mutually agreeable time within 30 days of the production of the complete records, even if that date falls outside the close of fact discovery on February 27, 2026.

Plaintiff's request for the personnel records of the alleged discriminator, her immediate supervisor, are fully appropriate, as Plaintiff alleges that Mr. Lemon retaliated against her for refusing his sexual advances; discriminated against her on the basis of her religion; and retaliated against her for her complaints to DOC about his discrimination and retaliation. *See Gorzynski v. JetBlue Airways Corp.*, 2012 WL 712067, *5 (W.D.N.Y. Mar. 5, 2012) (information from personnel record of plaintiff's immediate supervisor is discoverable); *Dzanis v. JPMorgan Chase & Co.*, 2011 WL 5979650, *4 (S.D.N.Y. Nov. 30, 2011) (Cott, M.J.) (agreeing that "discovery of a personnel file is appropriate where the individual is alleged to have engaged in the discrimination or retaliation at issue, or played a significant role in the decision or incident that gives rise to the lawsuit"); *Bujnicki v. American Paving and Excavating, Inc.*, 2004 WL 1071736, *3 (W.D.N.Y. Feb. 25, 2004) (ordering production of the personnel files of any employee who held the position of a supervisor with respect to the plaintiff); *Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 377-78

(S.D.N.Y. 1996) (Kaplan, J.) (complete personnel files of current and former supervisors are required discovery in employment discrimination case, rather than information from the file selected by the defendant).

Plaintiff is grateful for the attention and care that the Court has given to her case.

Respectfully submitted,

Anthony P. Consiglio

cc:  All Counsel (by ECF)

Defendant shall submit a response regarding their position with respect to Plaintiff's Motion for Discovery, ECF No. 46, by **February 13, 2026**.

SO ORDERED.
Dated: February 11, 2026

JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

3